[Civ. No. 5270. First Appellate District, Division Two.—December 24, 1925.]

## EZRA A. BLACKMER, Respondent, v. R. E. PIERCE, Appellant.

[1] FINDINGS—EVIDENCE—APPEAL—PRESUMPTIONS.—Where the record on appeal does not disclose that any evidence was introduced in response to an issue tendered by the answer of the plaintiff to the cross-complaint of defendant, and the trial court made no finding on such issue, the appellate court must assume that no evidence was offered on the subject.

[2] SALES—FAILURE TO DELIVER IN FULL—ISSUES—FINDINGS.—In an action to recover a balance claimed to be due and owing to plaintiff for a lot of walnut-trees sold and delivered, claim of error may not be predicated upon the failure of the trial court to find upon the question whether plaintiff notified defendant that he could not make delivery in full under the contracts or offered to return to defendant the money the latter had advanced upon the contracts, where there was neither allegation nor denial on that subject.

[3] ID. — PERFORMANCE — DEMAND — IMMATERIAL ALLEGATIONS — FINDINGS.—In such action, where it is perfectly clear that plaintiff and defendant were dealing regarding trees that were growing and which were not to be delivered until sixteen or seventeen months thereafter, and that it was only certain specified trees which would come within the calls of the contract, and nowhere in defendant's answer or cross-complaint for damages for failure to deliver the full number of trees stated in the contract is there any allegation that plaintiff had at the time of delivery grown any trees which measured up to the calls of the contract, defendant's allegation regarding a demand for the number of trees not delivered was an immaterial matter, and the trial court was not required to make a finding thereon.

[4] ID.—COMMON COUNT PLEADING—PERFORMANCE—FINDINGS.—In an action to recover a balance claimed to be due and owing for a lot of walnut-trees sold and delivered, where plaintiff's pleading is a common count as for goods sold and delivered, and such pleading contains no allegation to the effect that plaintiff performed all of the terms and conditions by him to be performed under the contract of sale, no finding thereon is necessary.

1. See 2 Cal. Jur. 879.
2. See 24 Cal. Jur. 950.

[5] ID.—APPEAL ON JUDGMENT-ROLL—FINDINGS—EVIDENCE.—Where the appeal in such action is on the judgment-roll alone, the appellate court has no means of determining whether certain findings attacked by appellant are erroneous because not supported by the evidence.

(1) 4 C. J., p. 755, n. 16. (2) 38 Cyc., p. 1969, n. 1. (3) 38 Cyc., p. 1969, n. 99. (4) 38 Cyc., p. 1967, n. 92, p. 1969, n. 1. (5) 4 C. J., p. 535, n. 8.

APPEAL from a judgment of the Superior Court of Ventura County. Merle J. Rogers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Bowker & Sheridan for Appellant.

Chas. F. Blackstock for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover $3,316.20, alleged to be the balance due and owing to him for a lot of walnut-trees sold and delivered. The defendant answered and filed a cross-complaint. The plaintiff answered the cross-complaint and a trial was had before the trial court sitting without a jury. The trial court made findings of fact and ordered judgment entered in behalf of the plaintiff as prayed. From that judgment the defendant has appealed and has brought up the judgment-roll.

From the pleadings it can be ascertained that the plaintiff is a nurseryman and engaged in rooting and grafting walnut-trees. On the 18th of November, 1919, the defendant and plaintiff entered into a written contract for the purchase and sale of 5,000 "Placentia Perfection Walnut Trees grafted on Royal Hybred, Black Walnut root; the same now being situate on Lot Number 118, Tapo Ranch, for delivery spring 1921 for the price of $1.50 per tree, trees to be eight feet and up, consecutively; trees to be free from insect pest or disease, and to pass County Horticultural inspection. Twenty-five per cent of the purchase price, or $1875, at the time this contract is made and

5. See 2 Cal. Jur. 525; 2 R. C. L. 128.

entered into, receipt of which is hereby acknowledged by seller, the balance when the trees are delivered.

"If from any cause beyond the control of the seller, such as damage by the elements, he is unable to make delivery of trees herein sold, upon return of the first payment hereinbefore mentioned to buyer the parties hereto shall mutually be released from the provisions of this agreement. . . . "

On the sixteenth day of April, 1920, the parties entered into another contract to buy and sell other trees located on Lot 118. The plaintiff's complaint, the defendant's answer, the defendant's cross-complaint and the plaintiff's answer to the cross-complaint each and all treat the dealings between the parties as one cause of action. In the defendant's cross-complaint it is alleged that the plaintiff delivered to the defendant 1,007 walnut-trees. It is not alleged that any objection was made by the defendant to any one of said trees, or that the defendant objected to accepting the· said 1,007 trees. [1] The appellant complains that "There is no finding by the court upon the issue that the sale by plaintiff of 400 of the 5,000 trees to be delivered under the contract dated November 18, 1919, to a person other than the defendant, was with defendant's consent." There was no allegation on the subject in any other pleading than the answer to the cross-complaint. But the record before us does not show that any evidence was introduced in response to that allegation. In support of the judgment we must assume that no evidence was offered on the subject when as here the record is silent. [2] The appellant then claims that "There is no finding of the court upon the issue that plaintiff at any time notified defendant that he could not make delivery in full under the contracts or that he at any time returned or offered to return to defendant the money which defendant had advanced upon the contracts." An examination of the pleadings discloses that the pleadings made no issue on that subject. There was neither allegation nor denial on the subject. Moreover it has not been made clear to us that the proper construction of the contract was to the effect that if the seller could not make a full and complete delivery, then and in that event he was not called upon to make a delivery in part if he was able to do so.

[3]   The appellant makes another point that ''There is no finding upon the issue that defendant demanded of plaintiff the balance of 3993 trees due under said contract dated November 18, 1919.'' Turning to the contract, it is perfectly clear that the contracting parties were dealing regarding trees that were growing and which were not to be delivered until sixteen or seventeen months thereafter and that it was only certain specified trees which would come within the calls of the contract. In the appellant's pleadings there is nowhere an allegation that the seller had at the time of delivery grown any trees which measured up to the calls of the contract. If he had not done so it was an idle act on the part of the buyer to make a demand therefor. It cannot be assumed under these circumstances that the trial court omitted to make a finding on a material allegation; but, on the other hand, the allegation regarding a demand was under the facts as shown by the record an immaterial matter and the court was not bound to make a finding thereon.

[4]   Again, the appellant complains that ''There is no finding of the court to the effect that plaintiff performed all of the terms and conditions by him to be performed under the contract.'' The plaintiff's pleading was a common count as for goods sold and delivered. It contained no allegation on the subject of performance and therefore no finding was necessary. In the plaintiff's answer to the cross-complaint the plaintiff alleged that he had done and performed but the record does not show that the cross-complaint or the answer thereto were on trial, or that any evidence was introduced on the allegation referred to.

[5]   The appellant then cites under points 4, 5, 6, and 8 certain findings of the trial court and claims that they are ''erroneous.'' In his argument he seems to contend that those findings are not supported by the evidence. They may not be. We have no means of ascertaining the fact. The evidence is not before us.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.